UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
LADAS FOODS S.A.,

                        Plaintiff,

      -against-

CASTELLA IMPORTS, INC.,

                        Defendant.
-----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
20-CV-00570 (JMA) (AYS)

FILED
CLERK
1/5/2021 9:37 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Before the Court is the motion of plaintiff Ladas Foods S.A. ("Plaintiff") for default judgment against defendant Castella Imports, Inc. ("Defendant") for 241,170€ plus interest.[1] For the reasons stated herein, Plaintiff's motion is GRANTED and Plaintiff is awarded a default judgment against Defendants in the amount of $295,650.30 in damages and $31,481.67 in pre-judgment interest, for a total award of $327,131.97.

### I.    DISCUSSION

**A.  Defendant Defaulted**

Defendant, who has not responded to the motion for default judgment, defaulted by failing to answer, move, appear, or defend in this action.

**B.  Liability**

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v.

---

[1] Plaintiff alleges damages in the amount of 241,170€ and asks the Court to convert the amount into U.S. Dollars. "This Court, sitting in diversity, must apply New York's rule regarding foreign currency obligations. N.Y. Judiciary Law § 27(b) provides that the judgment shall be rendered in 'the foreign currency of the underlying obligation' and '[s]uch judgment or decree shall be converted into currency of the United States at the rate of exchange prevailing on the date of entry of the judgment or decree.'" Wells Fargo Tr. Co., N.A. v. Synergy Grp. Corp., 465 F. Supp. 3d 355, 370 n.10 (S.D.N.Y. 2020) (citing Rienzi & Sons, Inc. v. Puglisi, 638 F. App'x 87, 92-93 (2d Cir. 2016) (summary order); N.Y. Judiciary Law § 27(b)).

Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).  However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law.  Id.  Plaintiff alleges claims of breach of contract, account stated, and unjust enrichment.  (Compl. at ¶¶ 18-28.)  Here, the allegations in the complaint are sufficient to establish Defendant's liability under New York law.

**C. Damages**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'"  Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)).  The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty."  Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).  The Court finds that Plaintiff's submissions, including the Declaration in Support of the Motion for Default Judgment of Dimitrios Ladas ("Ladas Declaration") (ECF No. 8-1), as well as the invoices and purchase orders (ECF Nos. 8-5, 8-6) establish the damages of 241,170€ to a reasonable certainty.  Therefore, damages of $295,650.30, which was calculated using the prevailing exchange rate on January 4, 2021 of EUR 1 = USD 1.2259, are established.

**D. Interest**

In the Ladas Declaration, Plaintiff requests "241,170€ together with interest thereon." (Ladas Declaration at ¶ 15.)  Under New York law, prejudgment interest of nine percent (9%) per annum is recoverable "upon a sum awarded because of a breach of performance of a contract."  N.Y. C.P.L.R. § 5001(a); see also N.Y. C.P.L.R. § 5004.  Such "[i]nterest shall be computed from

the earliest ascertainable date the cause of action existed." N.Y. C.P.L.R. § 5001(b).  Here, interest should be computed from the date on which defendant breached the contract by failing to pay the amount owed.  See Guilbert v. Gardner, 480 F.3d 140, 149 (2d Cir. 2007) ("A cause of action for breach of contract ordinarily accrues . . . upon breach.").  Accordingly, the Court will calculate interest for the seven invoices from the date on which each invoice became due.[2]  For the February 13, 2019 invoice, which became due on May 18, 2019, Plaintiff is owed $4,833.05[3].  For the February 26, 2019 invoice, which became due on June 1, 2019, Plaintiff is owed $5,415.77[4].  For the February 27, 2019 invoice, which became due on June 3, 2019, Plaintiff is owed $4,402.67[5].  For the March 26, 2019 invoice, which became due on June 27, 2019, Plaintiff is owed $4,509.23[6].  For the April 9, 2019 invoice, which became due on July 11, 2019, Plaintiff is owed $4,016.71[7].  For the April 25, 2019 invoice, which became due on October 16, 2019, Plaintiff is owed $3,610.62[8].  For the June 28, 2019 invoice, which became due on November 1, 2019, Plaintiff is owed $4,693.62[9].

Accordingly, the Court awards Plaintiff $31,481.67 in prejudgment interest.

---

[2] Each invoice states that payment is due either 90 or 120 days "from BOL." (ECF No. 8-5.)  Plaintiff provides a seaway bill for each invoice, which includes the "shipped on board date."  The court uses the "shipped on board date" plus either 90 or 120 days as the date on which the invoice was due.

[3] ($32,832 x 0.09/365 x 597 days (May 18, 2019 to January 4, 2021)) = $4,833.05

[4] ($37,674 x 0.09/365 x 583 days (June 1, 2019 to January 4, 2021)) = $5,415.77

[5] ($30,732 x 0.09/365 x 581 days (June 3, 2019 to January 4, 2021)) = $4,402.67

[6] ($32,832 x 0.09/365 x 557 days (June 27, 2019 to January 4, 2021)) = $4,509.23

[7] ($30,000 x 0.09/365 x 543 days (July 11, 2019 to January 4, 2021)) = $4,016.71

[8] ($32,832 x 0.09/365 x 446 days (October 16, 2019 to January 4, 2021)) = $3,610.62

[9] ($44,268 x 0.09/365 x 430 days (November 1, 2019 to January 4, 2021)) = $4,693.62

## II. CONCLUSION

The Clerk of the Court is respectfully directed to enter judgment against Defendant as follows: Defendant is liable to Plaintiff for 241,170€ in damages. Plaintiff is awarded a default judgment against Defendants in the amount of $295,650.30 in damages and $31,481.67 in pre-judgment interest, for a total award of $327,131.97.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: January 4, 2021
Central Islip, New York

                                                    /s/   (JMA)
                                                  JOAN M. AZRACK
                                                  UNITED STATES DISTRICT JUDGE